

2012 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-28-2012

# In Re: Rogel;Grant

Precedential or Non-Precedential: Non-Precedential

Docket No. 12-3654

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2012

Recommended Citation

"In Re: Rogel;Grant " (2012). *2012 Decisions*. Paper 111.
http://digitalcommons.law.villanova.edu/thirdcircuit_2012/111

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2012 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-035                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3654
_____

IN RE:  ROGEL GRANT,
                                                     Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Crim. No. 2:04-cr-00749-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 8, 2012

Before: SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit Judges</u>

(Opinion filed: November 28, 2012)
_____

OPINION
_____

PER CURIAM

On or around September 17, 2012, federal prisoner Rogel Grant filed a pro se

petition for a writ of mandamus, seeking an order from this Court directing the United

States District Court for the Eastern District of Pennsylvania to appoint him counsel and

rule on two motions that were pending in his 28 U.S.C. § 2255 proceedings.  One of

those motions sought to stay his § 2255 proceedings, and the other requested

reconsideration of the District Court's April 2012 order denying him a new trial.

On September 25, 2012, the District Court entered an order denying the aforementioned motions. That same day, the District Court entered a separate order denying Grant's § 2255 motion and directing the District Court Clerk to close the case. Because Grant has received a ruling on his motions and his § 2255 action is now closed, we will deny his mandamus petition as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").